UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

| | |
|---|---|
| JONATHAN PETERSON,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>Defendants. | Case No.  25-cv-09599-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 11 |

This is a Section 1983 case arising from an alleged assault by police officers.  Before the Court is the motion to dismiss of Defendant State of California (the "State"), erroneously sued as the California Highway Patrol ("CHP").  The matter is fully briefed and suitable for decision without oral argument.  Accordingly, the hearing set for April 16, 2026, is VACATED.  *See* Civil L.R. 7-6, Fed. R. Civ. Pro. 78(b).  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby **GRANTS** the State's motion for the following reasons.

Plaintiff purported to serve a state court summons on the State, but such service was defective and not in compliance with Title 28 U.S.C. § 1448 or Federal Rule of Civil Procedure 4(b).  Plaintiff concedes that such service was insufficient.  *See* Dkt. No. 16 at 2-3.  The Court therefore GRANTS the State's motion to dismiss on this ground.

Further, the California Highway Patrol is an improper defendant in an action brought under Title 42 U.S.C. § 1983.  Section 1983 does not permit a remedy against the State.  *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan*, 491 U.S. 58, 64 (1989).  "Because the CHP is a state agency . . . and the State of California has not consented to suit . . . both the State and the CHP enjoy sovereign immunity and cannot be sued under section 1983."

*O'Leary v. California Highway Patrol*, 923 F.2d 862 (9th Cir. 1991); *see also Mulvaney v. California Highway Patrol*, No. 517CV01044CASKSX, 2018 WL 1114549, at *5 (C.D. Cal. Feb. 26, 2018) (dismissing claims against CHP and officers in their official capacities as foreclosed as a matter of law).  Here, Petterson's claims against CHP are foreclosed as a matter of law.  The Court therefore GRANTS the State's motion to dismiss for failure to state a claim.

Petterson requests leave to amend "to add additional causes of action which do apply to CHP, as well as to add the individual officer as a defendant."  *See* Dkt. No. 16 at 5.  Because claims against CHP and the State are foreclosed as a matter of law, leave to amend to add claims against CHP would be futile.  Similarly, any amendment to add state law claims against individual officers would prove futile because Petterson has failed to timely present a government claim for damages prior to initiating suit.  *See Baker v. State of California Highway Patrol*, No. 13-CV-00073-MEJ, 2013 WL 4427199, at *7 (N.D. Cal. Aug. 14, 2013), *aff'd sub nom. Baker v. California Highway Patrol*, 601 Fed. App'x. 556 (9th Cir. 2015) ("Actions against state officials in their official capacities are treated as suits against the State, and are therefore generally barred by the Eleventh Amendment. . . .  This principle is applicable to lawsuits against CHP employees in their official capacities.").  Accordingly, Petterson's request to amend to include further claims against CHP or state law claims against the individual officer is DENIED.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (identifying futility as one of the bases on which courts should refuse leave to amend).

The Court **DISMISSES** the State and CHP from the action with prejudice.  Within 21 days from the date of this Order, Plaintiff may file an amended complaint reflecting the conclusions reached above.  No additional parties or causes of action may be introduced absent leave of Court or stipulation of remaining Defendants.

**IT IS SO ORDERED.**

Dated: February 4, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

2